UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUSTIN CARILLO, | ) FILED<br>) MAY 12, 2008      YM |
| Plaintiff, | ) No. 08CV2738 |
| | )    JUDGE GETTLEMAN |
| vs. | ) Judge MAGISTRATE JUDGE ASHMAN |
| | ) Magistrate Judge |
| CITY OF CHICAGO,<br>Chicago Police Officers<br>JOSEPH FITZGERALD, Star 19954,<br>ROGELIO OCON, Star 4362, and<br>RYAN KING, Star 18362, | )<br>)<br>)<br>) Jury Demand<br>) |
| | ) |
| Defendants. | ) |

## **COMPLAINT**

1.     This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2.     Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4.     Plaintiff is a resident of Chicago, Illinois.

5.     Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6.     The Defendant-Officers are sued in their individual capacities.

7.     Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**Facts**

8.  On or about August 4, 2007, at approximately 8:40 p.m, Plaintiff and four friends were walking at or near 51st and Campbell in Chicago.

9.  Defendants FITZGERALD, OCON and KING drove-up and ordered Plaintiff ans his friends over to their car.

10. The Defendant-Officers had their guns pointed at Plaintiff and his friends.

11. Plaintiff and his friends complied and walked over to the Defendant-Officers' car.

12. The Defendant-Officers told Plaintiff to put his hands on the car.

13. Plaintiff was seized and not free to leave.

14. Plaintiff had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or seize Plaintiff.

15. The Defendant-Officers smacked Plaintiff's friends on the head and called them "mother-fuckers."

16. One of the Defendant-Officers called Plaintiff a "pendejo."

17. Upon information and belief, the Defendant-Officers called for a squadrol.

18. A short time later, a squadrol arrived on the scene.

19. Plaintiff and his friends were handcuffed.

20. The Defendant-Officers put the Plaintiff and his friends in the squadrol.

21. Plaintiff was transported to the 9th District police station.

22. At the station, Plaintiff and his friends were taken to a room on the second floor.

23. The Defendant-Officers entered the room and approached one of Plaintiff's friends, Salvatore, and hit him in the head.

24. The Defendant-Officer then looked at Plaintiff at said, "What the fuck are you looking at. You want some of this, motherfucker?"

25. The Defendant-Officer grabbed Plaintiff by the hair and punched Plaintiff in the face.

26. Plaintiff asked the Defendant-Officer why he punched him.

27. For that question, the Defendant-Officer punched, slapped and beat Plaintiff.

28. Plaintiff was charged with reckless conduct.

29. After Plaintiff was released from custody, he received medical attention for the injuries he received from the above-described beating.

30. Plaintiff made a complaint with OPS about the incident.

31. On September 4, 2007, the case against Plaintiff was dismissed.

32. Each individual Defendant-Officer acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

33. As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including loss of physical liberty, emotional distress, physical pain and suffering, and pecuniary damages including medical expenses.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

34. Plaintiff realleges paragraphs 1 through 33 as if fully set forth herein.

35. Defendant-Officers stopped and seized Plaintiff.

36. Defendant-Officers did not have a reasonable suspicion, based on specific and articulable facts, that Plaintiff was about to commit a crime or had committed a crime.

37. The seizure of Plaintiff without reasonable suspicion or any other legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – False Arrest/Imprisonment)

38. Plaintiff realleges paragraphs 1 through 33 as if fully set forth herein.

39. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, or any other lawful basis to arrest or detain Plaintiff.

40. The arrest of Plaintiff without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from

unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – Excessive Force)

41. Plaintiff realleges paragraphs 1 through 33 as if fully set forth herein.

42. Defendant-Officers violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### (42 U.S.C. § 1983 – Failure to Intervene)

43. Plaintiff realleges paragraphs 1 through 33 as if fully set forth herein.

44. While Plaintiff was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

45. Defendant-Officers were deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT V
### (State Law Claim for Malicious Prosecution)

46. Plaintiff realleges paragraphs 1 through 33 as if fully set forth herein.

47. Defendant-Officers instituted charges against Plaintiff for reckless conduct.

48. There was not probable cause for such charges.

49. The charges were terminated in a manner favorable to Plaintiff.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT VI
### (State Law *Respondeat Superior* Claim)

50. The acts of the Defendant-Officers described in the state law claims specified above were willful and wanton, and committed in the scope of employment.

51. Pursuant to *respondeat superior*, Defendant CITY OF CHICAGO is liable for its agents' actions.

WHEREFORE, Plaintiff demands judgment against Defendant CITY OF CHICAGO, and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VII
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

52. The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

53. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Jury Trial Demanded to All Issues Triable by Jury**

                                          Respectfully submitted,

                                          <u>/s/ Louis J. Meyer</u>
                                          *Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595