### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JUSTIN CARILLO, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 2738 |
| | ) | |
| v. | ) | Judge Gettleman |
| | ) | |
| CITY OF CHICAGO, Chicago Police Officers JOSEPH FITZGERALD, Star 19954, ROGELIO OCON, Star 4362, and RYAN KING, Star 18362 | ) ) ) ) | Magistrate Judge Ashman |
| | ) | Jury Demand |
| Defendants. | ) | |

## DEFENDANTS' ANSWER, DEFENSES, AND JURY DEMAND TO PLAINTIFF'S COMPLAINT

Defendant Chicago Police Officers Joseph Fitzgerald, Rogelio Ocon, Ryan King, and Defendant City of Chicago, by one of their attorneys, Anne K. Preston, Assistant Corporation Counsel for the City of Chicago, hereby submit their Answer, Defenses, and Jury Demand to Plaintiff's complaint:

1.  This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

**ANSWER:**   Defendants admit that this action is brought pursuant to 42 U.S.C. §1983 and the common law and statutes of the State of Illinois, but deny engaging in any wrongful or illegal conduct which would give rise to a cause of action under the laws alleged.

2.  Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

**ANSWER:**   Defendants admit that jurisdiction is proper, but deny any wrongful or illegal conduct.

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**ANSWER:** Defendants admit that venue is proper, but deny the remaining allegations contained in Paragraph 3.

### Parties

4.  Plaintiff is a resident of Chicago, Illinois.

**ANSWER:** Defendant Officers lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4.

5.  Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendants were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

**ANSWER:** Defendants admit the allegations contained in Paragraph 5.

6.  The Defendant-Officers are sued in their individual capacities.

**ANSWER:** Defendants admit the allegations contained in Paragraph 6.

7.  Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**ANSWER:** Defendants admit the allegations contained in Paragraph 7.

### Facts

8.  On or about August 4, 2007, at approximately 8:40 p.m, Plaintiff and four friends were walking at or near 51st and Campbell in Chicago.

**ANSWER:** Defendants admit that on or about August 4, 2007, at approximately 8:40 p.m., Defendant Officers encountered Plaintiff and five other individuals at or near 51st and Campbell, in Chicago. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiff was with friends. Defendants deny the

remaining allegations contained in Paragraph 8.

    9.    Defendants FITZGERALD, OCON and KING drove-up and ordered Plaintiff and his friends over to their car.

    **ANSWER:**    Defendants admit the allegations contained in Paragraph 9.

    10.    The Defendant-Officers had their guns pointed at Plaintiff and his friends.

    **ANSWER:**    Defendants deny the allegations contained in Paragraph 10.

    11.    Plaintiff and his friends complied and walked over to the Defendant-Officers' car.

    **ANSWER:**    Defendants admit the allegations contained in Paragraph 11.

    12.    The Defendant-Officers told Plaintiff to put his hands on the car.

    **ANSWER:**    Defendants admit the allegations contained in Paragraph 12.

    13.    Plaintiff was seized and not free to leave.

    **ANSWER:**    Defendants admit the allegations contained in Paragraph 13.

    14.    Plaintiff had not violated any city, state or federal law.  Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law.  Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or seize Plaintiff.

    **ANSWER:**    Defendants deny the allegations contained in Paragraph 14.

    15.    The Defendant-Officers smacked Plaintiff's friends on the head and called them "mother- fuckers." [sic]

    **ANSWER:**    Defendants deny the allegations contained in Paragraph 15.

    16.    One of the Defendant-Officers called Plaintiff a "pendejo."

    **ANSWER:**    Defendants deny the allegations contained in Paragraph 16.

    17.    Upon information and belief, the Defendant-Officers called for a squadrol.

    **ANSWER:**    Defendants admit the allegations contained in Paragraph 17.

    18.    A short time later, a squadrol arrived on the scene.

**ANSWER:** Defendants admit the allegations contained in Paragraph 18.

19. Plaintiff and his friends were handcuffed.

**ANSWER:** Defendants deny the chronology alleged, but admit the remaining allegations contained in Paragraph 19.

20. The Defendant-Officers put the Plaintiff and his friends in the squadrol.

**ANSWER:** Defendants admit that officers put Plaintiff and the other arrestees in the squadrol.

21. Plaintiff was transported to the 9th District police station.

**ANSWER:** Defendants admit the allegations contained in Paragraph 21.

22. At the station, Plaintiff and his friends were taken to a room on the second floor.

**ANSWER:** Defendants admit the allegations contained in Paragraph 22.

23. The Defendant-Officers entered the room and approached one of Plaintiff's friends, Salvatore, and hit him in the head.

**ANSWER:** Defendants deny the allegations contained in Paragraph 23.

24. The Defendant-Officer then looked at Plaintiff at said, "What the fuck are you looking at. You want some of this, motherfucker?" [sic]

**ANSWER:** Defendants deny the allegations contained in Paragraph 24.

25. The Defendant-Officer grabbed Plaintiff by the hair and punched Plaintiff in the face.

**ANSWER:** Defendants deny the allegations contained in Paragraph 25.

26. Plaintiff asked the Defendant-Officer why he punched him.

**ANSWER:** Defendants deny the allegations contained in Paragraph 26.

27. For that question, the Defendant-Officer punched, slapped and beat Plaintiff.

**ANSWER:** Defendants deny the allegations contained in Paragraph 27.

28. Plaintiff was charged with reckless conduct.

**ANSWER:** Defendants admit the allegations contained in Paragraph 28.

29. After Plaintiff was released from custody, he received medical attention for the injuries he received from the above-described beating.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that after Plaintiff was released from custody, he received medical attention. Defendants deny the remaining allegations contained in Paragraph 29.

30. Plaintiff made a complaint with OPS about the incident.

**ANSWER:** Defendants admit, upon information and belief, the allegations contained in Paragraph 30.

31. On September 4, 2007, the case against Plaintiff was dismissed.

**ANSWER:** Defendants admit, upon information and belief, that on September 4, 2007, the case against Plaintiff was stricken with leave to reinstate, but deny the remaining allegations contained in Paragraph 31.

32. Each individual Defendant-Officer acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

**ANSWER:** Defendants deny the allegations contained in Paragraph 32.

33. As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including loss of physical liberty, emotional distress, physical pain and suffering, and pecuniary damages including medical expenses.

**ANSWER:** Defendants deny the allegations contained in Paragraph 33.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure )

34. Plaintiff realleges paragraphs 1 through 33 as if fully set forth herein.

**ANSWER:** Defendants reassert their answers to Paragraphs 1 through 33 as their

answer to Paragraph 34, as if fully set forth herein.

35. Defendant-Officers stopped and seized Plaintiff.

**ANSWER:** Defendants admit the allegations contained in Paragraph 35.

36. Defendant-Officers did not have a reasonable suspicion, based on specific and articulable facts, that Plaintiff was about to commit a crime or had committed a crime.

**ANSWER:** Defendants deny the allegations contained in Paragraph 36.

37. The seizure of Plaintiff without reasonable suspicion or any other legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

**ANSWER:** Defendants deny the allegations contained in Paragraph 37.

**WHEREFORE**, Defendants respectfully request that judgment be entered in their favor and against Plaintiff on Count I, for the costs of defending this suit, and such other relief as the Court deems just and appropriate.

## COUNT II
### (42 U.S.C. § 1983 -- False Arrest/Imprisonment)

38. Plaintiff realleges paragraphs 1 through 33 as if fully set forth herein.

**ANSWER:** Defendants reassert their answers to Paragraphs 1 through 33 as their answer to Paragraph 38, as if fully set forth herein.

39. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, or any other lawful basis to arrest or detain Plaintiff.

**ANSWER:** Defendants deny the allegations contained in Paragraph 39.

40. The arrest of Plaintiff without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

**ANSWER:** Defendants deny the allegations contained in Paragraph 40.

**WHEREFORE**, Defendants respectfully request that judgment be entered in their favor

and against Plaintiff on Count II, for the costs of defending this suit, and such other relief as the Court deems just and appropriate.

## COUNT III
### (42 U.S.C. § 1983 – Excessive Force)

41.    Plaintiff realleges paragraphs 1 through 33 as if fully set forth herein.

**ANSWER:**    Defendants reassert their answers to Paragraphs 1 through 33 as their answer to Paragraph 41, as if fully set forth herein.

42.    Defendant-Officers violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive arid unreasonable force.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 42.

**WHEREFORE**, Defendants respectfully request that judgment be entered in their favor and against Plaintiff on Count III, for the costs of defending this suit, and such other relief as the Court deems just and appropriate.

## COUNT IV
### (42 U.S.C. § 1983 – Failure to Intervene)

43.    Plaintiff realleges paragraphs 1 through 33 as if fully set forth herein.

**ANSWER:**    Defendants reassert their answers to Paragraphs 1 through 33 as their answer to Paragraph 43, as if fully set forth herein.

44.    While Plaintiff was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 44.

45.    Defendant-Officers were deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 45.

**WHEREFORE**, Defendants respectfully request that judgment be entered in their favor

and against Plaintiff on Count IV, for the costs of defending this suit, and such other relief as the Court deems just and appropriate.

## COUNT V
### (State Law Claim for Malicious Prosecution)

46.     Plaintiff realleges paragraphs 1 through 33 as if fully set forth herein.

**ANSWER:**     Defendants reassert their answers to Paragraphs 1 through 33 as their answer to Paragraph 46, as if fully set forth herein.

47.     Defendant-Officers instituted charges against Plaintiff for reckless conduct.

**ANSWER:**     Defendants admit that a criminal complaint against Plaintiff was signed for for reckless conduct, but deny the remaining allegations contained in Paragraph 47.

48.     There was not probable cause for such charges.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 48.

49.     The charges were terminated in a manner favorable to Plaintiff.

**ANSWER:**     Defendants admit, upon information and belief, that the charges were stricken with leave to reinstate, but deny the remaining allegations contained in Paragraph 49.

**WHEREFORE**, Defendants respectfully request that judgment be entered in their favor and against Plaintiff on Count V, for the costs of defending this suit, and such other relief as the Court deems just and appropriate.

## COUNT VI
### (State Law *Respondeat Superior* Claim)

50.     The acts of the Defendant-Officers described in the state law claims specified above were willful and wanton, and committed in the scope of employment.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 50.

51.     Pursuant to *respondeat superior*, Defendant CITY OF CHICAGO is liable for its

agents' actions.

**ANSWER:** Defendants admit that pursuant to respondeat superior, Defendant City of Chicago could be held potentially liable for its agents' actions. Defendants deny any wrongful or illegal conduct and deny the remaining allegations contained in Paragraph 51.

**WHEREFORE**, Defendants respectfully request that judgment be entered in their favor and against Plaintiff on Count VI, for the costs of defending this suit, and such other relief as the Court deems just and appropriate.

## COUNT VII
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

52. The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

**ANSWER:** Defendants deny the allegations contained in Paragraph 52.

53. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the Defendant-Officers' actions.

**ANSWER:** Defendants admit that pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is empowered and directed to pay any tort judgment or settlement for compensatory damages and may pay any associated attorney's fees and costs for which it or an employee while acting within the scope of his employment is liable. Defendants deny any wrongful or illegal conduct and deny the remaining allegations contained in Paragraph 53.

**WHEREFORE**, Defendants respectfully request that judgment be entered in their favor and against Plaintiff on Count VII, for the costs of defending this suit, and such other relief as the Court deems just and appropriate.

## **AFFIRMATIVE DEFENSES**

1.	Defendant Officers Fitzgerald, Ocon, and King are entitled to qualified immunity. Defendant officers are government officials, namely police officers, who perform discretionary functions.  At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted  Defendant officers could have believed their actions to be lawful, in light of clearly established law and the information that Defendant officers possessed.  Therefore, Defendant officers are entitled to qualified immunity as a matter of law.

2.	As to Plaintiff's state law claims, Defendant Officers are not liable for injuries arising out of their exercise of discretionary acts.  Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-201.

3.	As to Plaintiff's state law claims, Plaintiff cannot establish willful and wanton conduct on the part of Defendant Officers and therefore they are immune from suit.  Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-202.

4.	As to Plaintiff's state law claims, Defendant Officers are not liable for any injury caused by the acts or omissions of another person.  Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-204.

5.	Defendant Officers are not liable for Plaintiff's state law claims because there was probable cause for Plaintiff's arrest and the Defendant Officers did not act with any malice. Under the Illinois Tort Immunity Act, a public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his

employment, unless he acts maliciously and without probable cause. 745 ILCS 10/2-208.

6.      To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of the Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case. *See* Poole v. City of Rolling Meadows, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill.Dec. 171 (Ill. 1995).

7.      To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

8.      Under the Illinois Local Governmental and Governmental Employees Tort Immunity Act, Defendant City of Chicago is not required to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party. 745 ILCS 10/2-102.

9.      Under the Illinois Local Governmental and Governmental Employees Tort Immunity Act, Defendant City of Chicago is not liable to Plaintiff if its employees or agents are not liable to Plaintiff. 745 ILCS 10/2-109.

10.     Defendant City of Chicago is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

11.     Defendant City of Chicago is not liable to Plaintiff if its employees or agents are not

liable to the Plaintiff. 745 ILCS 10/2-109 (1994).

12.     As to Plaintiff's state law claims, Defendant City of Chicago is not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.'" See Kerns v. Engelke, 76 Ill.2d. 154, 166 (1979)(citations omitted).

### Jury Demand

Defendants Joseph Fitzgerald, Ryan King, Rogelio Ocon, and the City of Chicago hereby demand a jury trial.

Respectfully submitted,

 /s/Anne K. Preston
ANNE K. PRESTON
Assistant Corporation Counsel

30 N. LaSalle Street, Suite 1400
Chicago, Illinois 60602
(312) 742-4045
Atty. No.  06287125

## CERTIFICATE OF SERVICE

I, Anne K. Preston, hereby certify that I have caused a true and correct copy of the above and foregoing **DEFENDANTS' ANSWER, DEFENSES, AND JURY DEMAND TO PLAINTIFF'S COMPLAINT,** to be sent via e-filing to the persons named below, "Filing Users" pursuant to Case Management/Electronic Case Files, on July 17, 2008, in accordance with the rules on electronic filing of documents.

    Lawrence V. Jackowiak
    Daniel Kiss
    Louis Meyer
    Law Offices of Lawrence V. Jackowiak
    20 N. Clark St., Suite 1700
    Chicago, IL 60602

                                                    /s/ Anne K. Preston
                                                    ANNE K. PRESTON
                                                    Assistant Corporation Counsel